UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case Numbers** |
| vs. | ) | **5:11-cv-8027-CLS-TMP** |
| | ) | **5:08-cr-0247-CLS-TMP** |
| **JOHN LAWSON SIMONS,** | ) | |
| | ) | |
| Defendant/Movant. | ) | |

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case Numbers** |
| vs. | ) | **5:11-cv-8028-CLS-TMP** |
| | ) | **5:08-cr-408-CLS-TMP** |
| **JOHN LAWSON SIMONS,** | ) | |
| | ) | |
| Defendant/Movant. | ) | |

**MEMORANDUM OPINION**

After conducting an evidentiary hearing, the magistrate judge filed his report and recommendation on January 6, 2015, recommending that the motion pursuant to 28 U.S.C. § 2255 to vacate the sentences in these companion cases be denied. Through counsel, movant filed his timely objections on January 20, 2015. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections, the testimony from the evidentiary hearing, and other matters in the court record, the court finds that the objections are due to be OVERRULED, and the report

and recommendation ADOPTED and ACCEPTED.

Movant was charged in two distinct and separate cases with multiple counts of possession of child pornography, traveling in interstate commerce to have sex with a minor, and transporting a minor across state lines for purposes of having sex. Factually, defendant traveled to Ohio and Florida on multiple occasions to have oral, anal, and vaginal intercourse with at least two minor female victims, which on occasion he recorded on video. He also transported a third minor female victim between Alabama and Tennessee on five separate occasions, during which he engaged in sexual intercourse with her. Over the course of a decade, movant victimized minor females, meticulously recording the details of each crime in a diary he kept. The magistrate judge correctly described movant's crimes this way:

> In this case, the movant sought out vulnerable young girls, some as young as 12 years old, enticed them into "egregious and despicable" acts, which he videotaped and cataloged *ad nauseum* in diaries he kept for almost a decade. His diaries record the graphic details of rape and anal and oral sodomy of multiple young girls. He continued to rape children and to produce pornographic videotapes of the encounters for years after his mother's house was searched and he was caught with pornographic materials. Not only did he know that his actions were criminal, he boasted in his diaries about which crimes he had committed and how many times he had committed them.

(Report and Recommendation, Doc. 17, pp. 8-9). As mentioned, even after the search of his mother's home and the discovery of his caches of pornographic evidence,

movant *continued* to engage in criminal victimization of minor girls, resulting in the second indictment against him.

Movant, with the financial assistance of his mother, retained attorney Paul Marc Sandlin to represent him. While represented by Sandlin, movant pleaded guilty to all counts in both indictments. Thereafter, Sandlin withdrew from representation of movant to pursue employment in the Madison County District Attorney's Office. He asked attorney Marcus Helstowski to represent the movant as a favor to Sandlin, and Helstowski agreed. He was never paid for his services.

Helstowski represented movant at sentencing. He played no role in movant's decision to plead guilty to the indictments. Whether pleading guilty was an intelligent decision was not an issue before the magistrate judge, as petitioner has not challenged the free, informed, and voluntary nature of his guilty plea. The only three claims for relief alleged in this § 2255 motion are: (1) whether Helstowski provided ineffective assistance of counsel at sentencing by failing to object to movant's sentence of life without the possibility of parole as being "substantively unreasonable," (2) whether Sandlin provided ineffective assistance by failing to file a motion to suppress evidence seized from movant's home and computer pursuant to a search warrant he contends was based on stale information, and (3) whether Helstowski provided ineffective assistance of counsel by failing to appeal movant's

sentence after being requested to do so by movant. The magistrate judge conducted an evidentiary hearing on the last claim, finding that movant never requested that an appeal be taken until well after the time for doing so had expired, and, in fact, that he told counsel he had no intention of appealing the sentence of life without parole.

Upon *de novo* review of this matter, this court concludes that the magistrate judge's recommended disposition is correct. On his first claim, movant must prove both elements of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), *i.e.*, not only that Helstowski's failure to object to the life sentence as "substantively unreasonable" was professionally unreasonable, but also that the failure prejudiced movant. To show prejudice under *Strickland*, movant must prove that, but for Helstowski's failure to object, the outcome of the sentencing hearing would have been different in the sense that movant would have received a lesser sentence. That simply is not the case. First, the recommended Guidelines sentence was life in prison. Moreover, the nature, breadth, and repeated manner in which movant's offenses occurred clearly marks his sentence as reasonable. There simply is no reasonable chance that an objection by Helstowski would have changed the sentence imposed, and, therefore, movant suffered no prejudice from the lack of an objection.

Movant's second claim is that Sandlin committed ineffective assistance of counsel by failing to file a motion to suppress the fruits of a search of movant's home

conducted pursuant to a warrant. Movant seems to argue that not only was the information used to obtain the warrant stale, but also that it simply was not enough to establish probable cause to search. First, the magistrate judge examined the warrant application and affidavit, and concluded that it did establish probable cause for the warrant. But even if a challenge to the warrant could have been made, Sandlin's affidavit makes clear that movant did not want to drag out the proceedings and expose his mother to the details of his crimes. In consultation with Sandlin, the decision was made to plead, rather than fight the search. Such a knowing and voluntary decision to plead (which movant has not challenged) amounted to both a waiver of any defect in counsel's failure to challenge the warrant,[1] and a professionally reasonable basis on which counsel could forgo the challenge to the warrant. Furthermore, even if a motion to suppress had been filed and granted by the court, it would not have involved any of the evidence underlying the most serious charge against movant and on which he received the sentence of life. As the magistrate judge noted, "The charge that resulted in the life sentence, Count Ten of the second indictment, was based on conduct that occurred in June 2008, more than two years after the search warrant was executed, and more than five years after the

---

[1] A knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the plea. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992); *Baird v. United States*, 445 F. App'x 252, 254 (11th Cir. 2011).

conduct that gave rise to the first indictment." (Report and Recommendation, Doc. 17, p.16 n.8). Thus, Sandlin's failure to file a motion to suppress evidence from the search changed nothing; movant still would have received the same life sentence anyway.

Finally, as to his claim that Helstowski failed to appeal after being instructed to do so, the court has examined the magistrate judge's proposed findings of fact and finds no reason to disregard them. The magistrate judge heard the testimony of both movant and Helstowski, and found that movant never instructed Helstowski to appeal. Indeed, the magistrate judge found that movant informed Helstowski that he had no intention of appealing. These findings are more than adequately supported by the record of the evidentiary hearing, and the court finds no reason to disagree with the proposed findings. The court is entitled to rely upon the credibility assessments of the magistrate judge if they are supported by the record.[2] Because movant declined to appeal at the time of sentencing (and for three years thereafter), Helstowski's

---

[2] Indeed, the court is *required* to accept the credibility findings of the magistrate judge unless the court conducts a new hearing to hear the testimony of the witnesses for itself. To reject the credibility assessments of the magistrate judge without conducting a new hearing is an abuse of discretion. *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1251 (11th Cir. 2007). "'[T]o adequately determine the credibility of a witness. . . the fact finder must observe the witness.' This requirement is satisfied 'either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses.'" *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010) (quoting *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir.1980)) (alteration in original). In the instant case, the court accepts the credibility findings of the magistrate judge, and there is no need for an additional hearing.

failure to perfect an appeal was not professionally unreasonable.

By separate Order the court will OVERRULE the objections of the movant, ADOPT and ACCEPT the magistrate judge's report and recommendation, and DENY the § 2255 motions in these respective cases.

DONE this 31st day of March, 2015.

_____
United States District Judge